# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

JERRY ANTHONY GRIFFIN,                     :
                                           :
      Plaintiff,                      :
                                           :
   VS.                                     :
                                           :          **7 : 10-CV-67 (HL)**
CHRISTOPHER RAILEY, et. al.,               :
                                           :
                                           :
      Defendants.                     :
_____          :

## ORDER AND RECOMMENDATION

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983. (Doc. 2). Presently pending before this Court are Defendant Railey's Motion to Dismiss, Motion for Protective Order and Stay of Discovery, and second Motion to Dismiss (Docs. 12, 13, 26), and Defendant Badger's Motion to Dismiss. (Doc. 19).

***Failure to Prosecute***

Defendants Badger and Railey have separately filed Motions to Dismiss based on Plaintiff's failure to prosecute this action. (Docs. 19, 26). The undersigned will address these two Motions simultaneously.

Plaintiff filed this action on July 16, 2010, challenging certain conditions of his confinement at the Southwest Probation Detention Center. (Doc. 2). On August 17, 2010, the Court ordered all parties to keep the Clerk of Court and all opposing parties advised of their current address at all times, and advised that the failure to do so could result in the dismissal of the party's pleadings. (Doc. 4). The Court further ordered Plaintiff to diligently prosecute his Complaint, and advised Plaintiff that his action could be dismissed due to a lack of prosecution. (*Id.*).

Since filing a motion for the appointment of counsel on December 10, 2010, Plaintiff has taken no action in this matter and has had no contact with the Court. (*See* Doc. 17). The Clerk of Court attempted to mail Plaintiff documents on four (4) occasions when each mailing came back as "undeliverable". (Docs. 22, 24, 25, 28). Additionally, Defendant Railey provided Plaintiff's Post-Release Form and Movement History which show that Plaintiff has been released from prison, yet Plaintiff has not advised the Clerk of Court of his current address. (Doc. 26-2).

On May 6, 2011, the undersigned ordered Plaintiff to respond to Defendant Badger's Motion to Dismiss based on Plaintiff's failure to prosecute. (Doc. 20). As of the date of this Recommendation, Plaintiff has not responded to the Court Order. On May 9, 2011, the undersigned ordered Plaintiff to file a response to Defendant Railey's first Motion to Dismiss, and as of this date, Plaintiff has not filed a response. (Doc. 21). Finally, on June 17, 2011, the undersigned ordered Plaintiff to respond to Defendant Railey's Motion to Dismiss for failure to prosecute this action. (Doc. 27). Again, as of the date of this Recommendation, Plaintiff has failed to respond.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of Plaintiff. Plaintiff has failed to respond to three (3) Court Orders ordering Plaintiff to respond to

2

Defendants' Motions to Dismiss, and it has been almost eight (8) months since Plaintiff's last contact with the Court. Additionally, several pieces of mail sent to Plaintiff's last known address have been returned to the Court as undeliverable and Plaintiff has not updated his address since being released from prison, which shows Plaintiff's failure to obey the Court Order requiring Plaintiff to keep the Court informed as to his current address.

The Court finds that lesser sanctions will not suffice. Plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit since filing a motion for the appointment of counsel, has failed to respond to the Court's orders requiring Plaintiff to respond to Defendants' Motions to Dismiss, and has failed to follow the directives of the Court regarding notification to the Court and parties of Plaintiff's current address. Thus, it is the recommendation of the undersigned that Plaintiff's Complaint be **DISMISSED** and both Defendant Badger's Motion to Dismiss (Doc. 19) and Defendant Railey's second Motion to Dismiss (Doc. 26) be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

***Motion to Dismiss (Doc. 12)***

Defendant Railey filed this Motion to Dismiss on November 29, 2010. Following several months of Plaintiff's inactivity regarding this lawsuit, Defendant Railey filed a second Motion to Dismiss based on Plaintiff's failure to prosecute. As the undersigned has determined that Plaintiff has failed to prosecute and is recommending Defendant Railey's second Motion to Dismiss be granted, the undersigned recommends that Defendant Railey's first Motion to Dismiss (Doc. 12) be found to be moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the

3

recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

***Motion for Protective Order and Stay (Doc. 13)***

Defendant Railey filed this Motion for Protective Order and Stay of discovery pending the resolution of his first Motion to Dismiss. As Defendant Railey's second Motion to Dismiss has been examined by this Court and a decision granting it has been recommended to the district judge assigned to this case, the Motion for Protective Order and Stay of discovery is found to be moot. A Motion to Re-open Discovery will be entertained should this Recommendation not be adopted.

**SO ORDERED AND RECOMMENDED**, this 3rd day of August, 2011.


s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE


llf